# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JEFFREY COTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-4007 |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOUSING AND URBAN DEVELOPMENT, | ) | |
| ROCK ISLAND HOUSING AUTHORITY, | ) | |
| CITY OF ROCK ISLAND, and ROCK | ) | |
| ISLAND POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## O R D E R

Before the court is the Motion to Proceed in forma pauperis filed by Plaintiff, Jeffrey Cotton, on January 28, 2008 [Doc. 1]. For the reasons that follow the motion is GRANTED.

Plaintiff has filed a complaint related to the January 6, 2006 towing of his vehicle at his residence which is a public housing project. Plaintiff appears to make a number of claims. He first asserts that his vehicle was towed in violation of the housing project's policies and without due process of law (Complaint, ¶¶ 1-7). He also appears to assert that the vehicle was towed in retaliation for a lawsuit that he filed related to a personal injury action against the housing authority (Complaint, ¶ 8). He then outlines a series of discourteous treatment by city/housing project officials during a meeting held in March, 2006 in which Plaintiff attempted to reacquire his vehicle (Complaint ¶¶ 10-11). Plaintiff alleges that he suffered severe emotional distress as a result of this meeting (Complaint ¶ 11m). Plaintiff also then outlines an eviction procedure but does not state how his rights were violated by this procedure (Complaint ¶¶ 22-24). Plaintiff states that he suffered damages in the amount of $77 million and seek punitive damages.

Plaintiff's Complaint is a form provided by the Court to persons who wish to assert claims pursuant to § 1983 or <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 430 U.S. 388 (1971).  The caption of the Complaint does not list any particular person, just entities that are connected to the housing project where Plaintiff resides.

**DISCUSSION**

Title 28 U.S.C. § 1915 provides that a person may initiate a civil lawsuit without prepayment of fees if that person is financially unable to pay the costs of suit.  Plaintiff indicates in his affidavit that he has no income, that the last time he worked was in 2005, that he receives and unspecified amount of gifts or inheritances, that he has a disability case that is pending, that he has no bank accounts, and that he otherwise owns no property.  Plaintiff further indicates that a "friend" pays his $50.00 per month rent payment.  In light of Plaintiff's representations, this Court finds that he is destitute and unable to pay the $350.00 filing fee at this time.  As such, his Motion to Proceed in forma pauperis is GRANTED.

Title 28 U.S.C. § 1915(e)(2) further provides that, notwithstanding the payment of any portion of the filing fee, a case may be dismissed if it fails to state a claim upon which relief may be granted.  As noted above, Plaintiff is claiming that his due process rights were violated by the towing of his car and that such action was taken in retaliation for filing a lawsuit – a claim that may also implicate the due process clause of the Fourteenth Amendment and the redress of grievances clause of the First Amendment.  Thus, Plaintiff has stated a claim for which relief may be granted.  However, whether Plaintiff has stated a claim against each of the named Defendant's is a different matter.

Plaintiff has named the Department of Housing and Urban Development (hereinafter "HUD") as a Defendant.   There is no indication how HUD violated Plaintiff's rights.  The only

connection between HUD and Plaintiff is that HUD may have some relationship to the housing project, Spencer Towers Apartments, where the incidents alleged in the Complaint took place. As Plaintiff has made no assertion that HUD or its employees caused the deprivation of any rights secured by the Constitution, it is hereby DISMISSED WITH PREJUDICE as a Defendant.

For the reasons that follow, the following is hereby ORDERED:

1. Plaintiff may proceed in forma pauperis without the prepayment of filing fees.

2. The Department of Housing and Urban Development is hereby DISMISSED WITH PREJUDICE.

3. Plaintiff shall prepare summons and service forms for the three remaining Defendants, the Rock Island Housing Authority, the City of Rock Island, and the Rock Island Police Department. Plaintiff shall also complete service forms for the Mayor of Rock Island. Plaintiff shall provide four (4) copies of the Complaint, along with the summons and service forms, to the Clerk.

3. The United States Marshal is hereby ORDERED to serve the four Defendants along with copies of this Order.

Entered this _27th_ day of February, 2008

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                         United States District Judge