UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JEFFREY COTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  08-cv-4007 |
| ) | |
| ROCK ISLAND HOUSING ) | |
| AUTHORITY, CITY OF ROCK ISLAND, ) | |
| and ROCK ISLAND POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## O R D E R

Before the Court are the Motion to Dismiss filed by Defendants, Rock Island and Rock Island Police Department, on April 9, 2008 [Doc. 9] and the Motion to Dismiss filed by Defendant Rock Island Housing Authority on April 18, 2008 [Doc. 12].[1]  For the reasons set forth below, the Motions are GRANTED.

## BACKGROUND

Plaintiff, Jeffrey Cotton, filed a Complaint with numerous attachments on January 28, 2008 in which he makes a number of allegations related to the towing of his vehicle on January 6, 2006 from a public housing project, a subsequent meeting held in March, 2006, and an eviction notice issued in August, 2007. Plaintiff initially sued the United States Department of Housing and Urban Development (HUD), the Rock Island Housing Authority, the City of Rock Island,

---

[1] Plaintiff has filed three responses to these motions dated April 22, 2008 [Doc. 14], April 23, 2008 [Doc. 15], and May 5, 2008 [Doc. 17].

and its police department.  In the form document filed by Plaintiff, he claims that his vehicle was towed in violation of housing authority policies and without due process, that it was towed in retaliation for a lawsuit he filed against the city Defendants, and that he suffered severe emotional distress as a result of a meeting with housing authorities in March, 2006.  On February 27, 2008, this Court dismissed HUD because Plaintiff made no claims against it.  Defendants now have filed a Motion to Dismiss arguing, *inter alia*, that the statute of limitations has run on Plaintiff's claims.

In documents attached to the Complaint (most of which contain irrelevant information), Plaintiff makes other vague allegations in addition to stating that on January 6, 2006, in his presence, his vehicle was towed upon the direction of Officer Dytanya Robinson without due process and in contravention of housing authority procedures.  He also alleges that the vehicle was towed in retaliation for a previous lawsuit he had filed against the housing authority; and that, when a meeting was held with housing authorities in March, 2006, he was humiliated by housing authority personnel and that he subsequently suffered severe emotional distress.  Plaintiff also appears to allege a discrimination claim related to an eviction notice he received on August 8, 2007.   He alleges three counts against each of Defendants: "discrimination," "harassment," and "willful and wanton conduct."

In response to the Motions to Dismiss [Doc. 14], Plaintiff states: "There is nothing in plaintiff's complaint that states he suffered injury as a result of the towing of his vehicle on January 6, 2006."  He further states that he was

discriminated against, by Officer Robinson, on account of his gender (male.) The remainder of this response relates to his allegation of severe emotional distress. Plaintiff then seeks leave to amend his complaint (to include the gender discrimination claim) and "federal protection" from unspecified persons (this last request was made in Plaintiff's "amended" response, [Doc. 15]). In Plaintiff's final response [Doc. 17] he states that his claims arise from the Fourteenth Amendment and not the Fair Housing Act.

## DISCUSSION

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must view a complaint in a light most favorable to the plaintiff. Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995). The Court must accept all well-pleaded factual allegations and draw all reasonable inferences from those facts in favor of the plaintiff. Richards v. Kiernan, 461 F.3d 880, 882 (7th Cir. 2006). A plaintiff is not required to plead extensive facts, legal theories, or to anticipate defenses. Massey v. Merrill Lynch and Co., Inc., 464 F.3d 642, 650 (7th Cir. 2006). However, a plaintiff must "provide the grounds of his entitlement to relief" that are "more than labels and conclusion [] [or] a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007) (citations and editing marks omitted). In particular, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

If the Complaint, the documents attached to the Complaint, and Plaintiff's responses to the Motions to Dismiss are read broadly, Plaintiff is alleging a due process violation, an equal protection violation, discrimination, harassment, and retaliation related to the towing of his vehicle in January, 2006. Plaintiff also includes a state law tort claim of intentional infliction of emotional distress related to a meeting in March, 2006. Finally, Plaintiff asserts discrimination that occurred after August, 2007.

Plaintiff's constitutional tort claims must be brought pursuant to 42 U.S.C. § 1983 which allows Plaintiff to bring suit against state actors for the deprivation of a right secure by the constitution. As such, his claim are governed by Illinois' two year statue of limitations. <u>Limestone Development Corporation v. Village of Lemont, Illinois</u>, 520 F.3d 797, 805 (7th Cir. 2008). A statute of limitations defense is an affirmative defense and a Complaint generally is not dismissed based on such an argument. However, a Complaint may be dismissed on a statute of limitations ground if the Complaint itself "sets forth everything necessary to satisfy the affirmative defense." <u>See</u> <u>United States v. Lewis</u>, 411 F.3d 838, 842 (7th Cir. 200). Plaintiff's constitutional claims, with respect to the January 6, 2006 towing of his car, are clearly barred by the limitations period: Plaintiff filed his Complaint more than two years after the events that give rise to his claim -- on January 28, 2008.[2]

---

[2] Plaintiff seeks to amend his complaint to include a gender discrimination claim against Officer Robinson related to the towing of his vehicle. Rule 15 provides that leave to amend should be freely granted. However, leave may be denied if the proposed amendment would be futile. Any claim against Officer Robinson related to the towing of Plaintiff's vehicle would be futile as it would be outside the statute of

4

Plaintiff also has relinquished all claims related to the January, 2006 towing of his vehicle (he notes in his April 22, 2008 response [Doc, 14] that his Complaint alleges no injury with respect to the towing of his vehicle).  These claims are therefore DISMISSED WITH PREJUDICE.

With respect to Plaintiff's vague claims that he was discriminated against after the August 2007 eviction proceedings against him, there appears to be no indication of how Plaintiff was harmed.  These claims are wholly vague and insubstantial.  Plaintiff mentions that "the discrimination continues" after his eviction notice was vacated, but there is no indication what discrimination he suffered after August, 2007.  While Plaintiff is not required to plead specific facts, Plaintiff has provided only the "labels" and "conclusions" of a cause of action that the Supreme Court has held are insufficient to state a cause of action.  Bell Atlantic, 127 S.Ct at 1964-1965.  Plaintiff has simply not provided enough detail to place Defendants on notice of the claims against them. See Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008).  As such, this claim is DISMISSED WITHOUT PREJUDICE.

Finally, Plaintiff has alleged the intentional infliction of emotional distress.  Notwithstanding Defendants' arguments, Plaintiff is not necessarily required to plead all elements of this cause of action; he is merely required to place them on notice.  See Fed. R. Civ. Pro. 8(a).  However, as all of Plaintiff's federal claims have been dismissed, and there is no assertion of jurisdiction based on diversity or any

---

limitations for such a claim.  See Brunt v. Service Employees Intern. Union, 284 F.3d 715, 720-721 (7th Cir. 2002).

5

other grounds, this Court declines to exercise supplemental jurisdiction over this state law tort claim. 28 U.S.C. § 1367(c). This final claim, then, is also DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendants, Rock Island and Rock Island Police Department, on April 9, 2008 [Doc. 9] is GRANTED and the Motion to Dismiss filed by Defendant Rock Island Housing Authority on April 18, 2008 [Doc. 12] is GRANTED. Plaintiffs claims with respect to the January, 2006 towing of his vehicle are DISMISSED WITH PREJUDICE; Plaintiff's claims with respect to discrimination after August, 2007 are DISMISSED WITHOUT PREJUDICE; and Plaintiff's intentional infliction of emotional distress claim is DISMISSED WITHOUT PREJUDICE.

Entered this <u>2nd</u> day of September, 2008

                                                   s/ Joe B. McDade
                                                   JOE BILLY MCDADE
                                                   United States District Judge